# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Nelson Foster,**
**Claimant Below, Petitioner**

**v.)**     **No. 24-783**     (JCN: 2022004123)
                      (ICA No. 24-ICA-172)

**Kingston Mining, Inc., C/O ANR**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Nelson Foster appeals the October 28, 2024, memorandum decision of the Intermediate Court of Appeals ("ICA"). *See Foster v. Kingston Mining, Inc., C/O ANR*, No. 24-ICA-172, 2024 WL 4601875 (W. Va. Ct. App. Oct. 28, 2025) (memorandum decision). Respondent Kingston Mining, Inc., C/O ANR filed a timely response.[1] The issue on appeal is whether the ICA erred in affirming the March 22, 2024, order of the Workers' Compensation Board of Review, which affirmed the claim administrator's order dated June 14, 2022, granting Mr. Foster a 0% permanent partial disability award for occupational pneumoconiosis.

On appeal, the claimant argues that the ICA and Board of Review were clearly wrong in finding that he did not prove by a preponderance of the evidence that he sustained more than 0% permanent partial disability due to occupational pneumoconiosis. The claimant contends that the Occupational Pneumoconiosis Board ("OP Board") testified at the final hearing that the most accurate assessment of the claimant's impairment would be 10%, with 5% attributable to occupational pneumoconiosis. The OP Board also testified that the New River Health spirometry study, which showed 15% impairment, was the best study in the record; however, the OP Board recommended 0% whole person impairment, in direct opposition to its own testimony. The claimant argues that the Board of Review erred in failing to grant a 5% permanent partial disability award based on the New River Health study pursuant to West Virginia Code § 23-4-1g(a).[2] As

---

[1] The petitioner is represented by counsel Reginald D. Henry and Lori J. Withrow, and the respondent is represented by counsel Sean Harter.

[2] The claimant argues that an equal amount of evidentiary evidence exists and the OP Board was required to choose the one more consistent with his position pursuant to West Virginia Code § 23-4-1g(a), which states that, "[i]f, after weighing all of the evidence regarding an issue in which a claimant has an interest, there is a finding that an equal amount of evidentiary weight exists

1

such, the ICA should have reversed the Board of Review's decision because the New River Health study is more consistent with the claimant's position. The employer counters by arguing that the two most recent pulmonary reports contained normal test results, representative of no pulmonary impairment. Given the permanent nature of occupational pneumoconiosis, which does not improve over time, the employer asserts that the two subsequent pulmonary tests produced results within normal limits. The employer asserts that the Board of Review weighed all of the evidence in the record and reached the logical conclusion that the claimant does not have occupational pneumoconiosis or any permanent impairment resulting from occupational pneumoconiosis. Therefore, the ICA's memorandum decision dated October 28, 2024, should be affirmed.[3]

This Court reviews questions of law de novo, while we accord deference to the Board of Review's findings of fact unless the findings are clearly wrong. Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024). Upon consideration of the record and briefs, we find no reversible error and therefore summarily affirm. *See* W. Va. R. App. P. 21(c).

Affirmed.

**ISSUED: November 25, 2025**

**CONCURRED IN BY:**

Chief Justice William R. Wooton
Justice C. Haley Bunn
Justice Charles S. Trump IV
Senior Status Justice John A. Hutchison

**NOT PARTICIPATING:**

Justice Thomas H. Ewing

---

favoring conflicting matters for resolution, the resolution that is most consistent with the claimant's position will be adopted."

[3] The ICA disagreed with the claimant's argument that the OP Board was required pursuant to West Virginia Code § 23-4-1g(a) to use the New River Health study to grant him a permanent partial disability award. In its memorandum decision, the ICA noted that the Board of Review ultimately found that the pulmonary function study taken at the Occupational Lung Disease Clinic on August 2, 2023, represented the most reliable study in the evidentiary record.